# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | EDCV 23-1112 PA (SPx) | Date | August 15, 2023 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Maria Sanchez ("Plaintiff") (Docket No. 12). Plaintiff contends that the Notice of Removal filed by defendant DSV Solutions, LLC ("Defendant") fails to satisfactorily establish that the amount in controversy exceeds the $5 million jurisdictional minimum for the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 28, 2023, is vacated, and the matter taken off calendar.

Plaintiff filed her Complaint in San Bernardino Superior Court on February 1, 2022. Plaintiff served Defendant with the Complaint on April 25, 2022, and Defendant filed its First Notice of Removal on May 25, 2022. The Court ordered Defendant to show cause in writing why the action should not be remanded because the First Notice of Removal appeared to contain unsupported assumptions supporting Defendant's allegations attempting to satisfy the amount in controversy requirement. Defendant responded to the Order to Show Cause and the Court, after reviewing Defendant's Response, concluded that Defendant had not adequately supported its assumptions and remanded the action to San Bernardino Superior Court on June 16, 2022. The parties subsequently engaged in various discovery, including Plaintiff's Deposition on October 5, 2022, and interrogatories propounded by Defendant that Plaintiff responded to May 12, 2023. Relying on Plaintiff's responses to those interrogatories, Defendant filed its Second Notice of Removal on June 12, 2023. Plaintiff filed her Motion to Remand challenging the adequacy of the Notice of Removal's allegations concerning the amount in controversy on July 12, 2023.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1112 PA (SPx) | Date | August 15, 2023 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC | | |

removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee, 574 U.S. at 82)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "'[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (quoting Dart Cherokee, 574 U.S. at 88, 135 S. Ct. at 554). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Fritsch, 899 F.3d at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

Plaintiff's Complaint alleges wage and hour claims on behalf of herself and a putative class. Specifically, Plaintiff alleges claims for: (1) failing to pay for all hours worked, including overtime hours worked; (2) failing to reimburse for required business expenses; (3) failing to provide timely meal breaks; (4) failing to provide rest breaks; (5) failing to pay all wages owed; (6) failing to provide accurate wage statements and maintain accurate payroll records; and (7)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1112 PA (SPx) | Date | August 15, 2023 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC | | |

unlawful business practices pursuant to California Business and Professions Code section 17200. The Complaint alleges a class period extending from "four years prior to the filing of this Complaint [on February 1, 2022] through the trial date . . . ." (Compl. ¶ 3.)

In her Motion to Remand, Plaintiff asserts that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA because Defendant's calculations rely on unsubstantiated assumptions. Plaintiff additionally contends that Defendant's reliance on Plaintiff's discovery responses when filing the Second Notice of Removal ignores the fact that Defendant took Plaintiff's deposition approximately eight months earlier and Plaintiff's recovery in this action is likely to be reduced by Defendant's settlement of another wage and hour class action in April 2022, which may reduce the class period in this action.

In support of its Opposition to the Motion to Remand, Defendant has submitted a Declaration of its counsel with information from Defendant's employment records showing that Defendant employed 1,283 individuals in California during the class period as hourly, non-exempt workers, that at least 933 proposed class members ended their employment with Defendant within the relevant statute of limitations period for the waiting time penalties sought in this action, how long the employees were employed, and their hourly rates of pay. Based on that information, and assumptions of violations that each employee suffered one of the alleged unfair labor practices just once for every 70 shifts worked by each employee (a 1.4% violation rate), the waiting time penalties for the 933 former employees ($4,233,289.33) and inaccurate wage statement penalties for the 877 employees who worked within the one-year statute of limitations ($2,019.200.00), are alone sufficient to meet the CAFA amount in controversy requirement.

Plaintiff challenges the 100% violation rate and maximum 30 day penalty assumed by Defendant in its calculation of the amount in controversy for the waiting time penalty claim. In similar circumstances, the Ninth Circuit has explained that "it was not unreasonable for [the removing defendant] to assume that the vast majority (if not all) of the alleged violations over the four years at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty. The fact that a very small percentage of employees might possibly not be entitled to the maximum penalty is not an appropriate reason to dismiss altogether Defendant's estimate for this claim." <u>Juaregui v. Roadrunner Transp. Servs., Inc.</u>, 28 F. 4th 989, 994 (9th Cir. 2022). While some of the other assumptions Defendant relies on in their Opposition to the Motion to Remand may lack evidentiary support or a reasonable basis, the Court concludes that Defendant has satisfied its burden to establish that the waiting time penalty and wage statement claims exceed CAFA's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1112 PA (SPx) | Date | August 15, 2023 |
|---|---|---|---|
| Title | Maria Sanchez v. DSV Solutions, LLC | | |

amount in controversy requirement by a preponderance of the evidence. Even if those claim did not exceed $5 million, and even at lower violation rates than those assumed by Defendant, the value of Plaintiff's other claims, combined with the waiting time penalties, wage statement penalties, and attorneys' fees, exceeds CAFA's jurisdictional minimum. Indeed, the Court notes that Plaintiff offered no better assumptions, and because Plaintiff is pursuing those claims on behalf of a class, and alleges that Defendant's policies were applied "consistently," the Court must assume that those claims have some value. See id. at 996 ("[T]he reason a defendant's assumption is rejected is because a different, better assumption is identified. Where that's the case, the district court should consider the claim under the better assumption—not just zero-out the claim.").

Although Plaintiff faults Defendant for failing to disclose that it took Plaintiff's deposition eight months prior to Defendant's filing of the Second Notice of Removal, Plaintiff does not assert that the deposition provided information "from which it may be fist ascertained that the case is one which is or become removable." 28 U.S.C. § 1446(b)(3). Nor does Plaintiff contend that the Second Notice of Removal's filing within 30 days of Defendant's receipt of Plaintiff's interrogatory responses was otherwise untimely.

Finally, the Court rejects Plaintiff's suggestion that the Defendant's settlement of a different wage and hour class action limits Plaintiff's class period such that Defendant's amount in controversy calculations, tied to the class period alleged in Plaintiff's Complaint, must be reduced. Plaintiff could have amended her Complaint to shorten the class period in light of the final approval of the settlement of the other case in April 2022, but she did not. Plaintiff's Complaint alleges a class period beginning in February 2018, and Defendant can rely on that class period when calculating the amount in controversy. See Arias, 936 F.3d at 928 (rejecting the plaintiff's argument that the amount in controversy was limited because some of the claims were barred by a release from a prior class action because "the strength of any defenses indicates the likelihood of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation").

For all of the foregoing reasons, the Court concludes that Defendant has satisfied its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5 million as required for subject matter jurisdiction under CAFA. The Court therefore denies the Motion to Remand.

IT IS SO ORDERED.